UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN VALLEY,<br><br>               Respondent. | Case No. 1:24-cv-00129-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Kent Williams ("Petitioner"), challenging Petitioner's state court convictions. (*See* Dkt. 4). Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1 and 6 are noncognizable and that Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 are procedurally defaulted without excuse. (*See* Dkt. 22). The motion is now ripe for adjudication.[1]

---

[1]  Petitioner takes issue with the Court's previous denial of his motion for extension of time to respond to the Motion for Partial Summary Dismissal. (*See* Dkt. 32 at 1–2). The Court denied Petitioner's motion for a ninety-day extension because Petitioner refused to use the prison e-filing system and refused to serve Respondent with a copy of the motion. (*See* Dkt. 28). The Court explained to Petitioner how he could properly request an extension of time. (*Id*. at 3) ("If Petitioner needs an extension of time to respond to Respondent's Motion for Partial Summary Dismissal, he must file a *procedurally proper* motion for such an extension, using the e-filing system if it is available and serving a copy of the motion on Respondent. If the e-filing system is unavailable— for example, because the internet at the prison is not working—then Petitioner may mail his motion to the Court, along with an affidavit or declaration explaining why the e-filing system was unavailable."). Petitioner did not do so but, instead, simply filed his response without requesting such an extension. Thus, Petitioner cannot now complain that he lacked sufficient time to respond to the Motion for Partial Summary Dismissal.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 21); *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, and for the reasons that follow, the Court will enter the following Order granting the motion and dismissing Claim 1, Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Williams*, 411 P.3d 1186, 1191–93 (Idaho Ct. App. 2018). The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of two counts of bank robbery, one count of using a firearm in the commission of a robbery, and one count of unlawfully possessing a firearm. *Williams*, 411 P.3d at 1191. He was sentenced to an aggregate unified term of life imprisonment with thirty-seven years fixed. *State's Lodging A-2* at 16–17.

Petitioner filed a direct appeal. Appellate counsel originally raised two claims: that the trial court erred under state law by denying Petitioner's motion to sever the two bank robbery charges and that the prosecutor committed misconduct by disparaging defense counsel and by vouching for police officers. *State's Lodging B-1.* After appellate counsel withdrew (at Petitioner's request) and Petitioner proceeded pro se, Petitioner initially raised five additional claims: that he was denied his Idaho state constitutional right to hybrid representation; that he should not have been restrained during the proceedings; that he was denied his right to represent himself; that the trial court should

have suppressed certain evidence; and that the trial court should have granted Petitioner's motion for substitute counsel or declared a mistrial. *State's Lodging B-9*. However, Petitioner later sought leave to withdraw his claim regarding substitute counsel, and the Idaho Supreme Court granted the request. *State's Lodging B-12*; *B-13*.

The Idaho Court of Appeals affirmed Petitioner's convictions, and the Idaho Supreme Court denied review. *State's Lodging B-15*; *B-17*.

Petitioner then filed a pro se state post-conviction petition, asserting various claims of ineffective assistance of trial and appellate counsel, as well as claims that the prosecution presented false evidence and failed to disclose favorable evidence to the defense. *State's Lodging C-2* at 6–7. Petitioner was then appointed counsel. Counsel attempted to amend the petition, but Petitioner refused to meet with counsel and refused to review the amended petition. *State's Lodging C-3* at 145–46. As a result of what the state district court described as Petitioner's "intransigence in working with his appointed counsel," an amended petition was never filed. *Id*. at 139.

The state district court dismissed all of Petitioner's post-conviction claims in two separate orders. *Id*. at 755–75. Petitioner filed a pro se motion for relief from judgment under Idaho Rule of Civil Procedure 60(b), which the court denied because Petitioner was still represented by counsel. *State's Lodging C-5* at 26 ("Because Petitioner is represented by counsel, the Court cannot consider the motion unless filed through counsel."). Petitioner appealed.

After Petitioner complained about his post-conviction appellate counsel's representation, counsel moved to withdraw. *Id*. at 37–39, 53–54, 56–188. The state court granted the motion to withdraw and appointed substitute appellate counsel. *Id*. at 199; *State's Lodging D-4*.

New appellate counsel filed an opening brief asserting ten claims of ineffective assistance of trial counsel, including a claim of cumulative prejudice. The brief also raised a claim of

ineffective assistance of direct appeal counsel, a claim that the trial court deprived Petitioner of his

right to represent himself, and two claims challenging the denial of Petitioner's Rule 60(b) motion

on state law grounds. *State's Lodging D-6*.

The Idaho Court of Appeals affirmed the dismissal of Petitioner's post-conviction petition,

and the Idaho Supreme Court denied review. *State's Lodging D-10*; *D-13*.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

Claim 1:    Evidence was seized from Petitioner's hotel room under an allegedly unlawful search warrant in violation of the Fourth Amendment. (*See* Dkt. 4 at 2).

Claim 2:    Petitioner was denied his Sixth Amendment right to represent himself at trial due to the trial court's decision regarding physical restraints. (*Id.*).

Claim 3:    Trial counsel rendered ineffective assistance in the following ways: (a) failed to "effectively challenge suppression of evidence and then failed to make a meritorious *Franks* motion";[2] (b) failed "to impeach evidence and witnesses," failed to contradict false statements by police and the court, and failed to object to "inadmissible evidence and testimony"; (c) failed to properly cross-examine witnesses; (d) failed to appropriately investigate and prepare a defense; (e) failed to adequately communicate with Petitioner; (f) was distrustful and unethical, resulting in a breakdown of communications; (g) failed to "coordinate, align and strategize a defense compatible with the exculpatory evidence and what [Petitioner] could testify to"; (h) utilized an incompetent, irrational, and prejudicial trial strategy; (i) conducted a deficient and prejudicial jury empaneling; (j) made promises during opening statement that counsel "could not and did not keep, including a promise [Petitioner] would testify"; (k) failed to introduce exculpatory evidence; (l) denied Petitioner his right to testify at trial by failing to adequately communicate, "destroying trust and communications," failing to "conduct a defense compatible with the evidence," and "undermining any potential testimony Petitioner could give"; (m) delivered an inexplicable and ineffective closing argument; (n) failed to object to the prosecutor's improper statements during rebuttal closing argument; (o) failed to subject the prosecution to "any meaningful antagonistic

---

[2]    In *Franks v. Delaware*, the U.S. Supreme Court held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. 154, 155–56 (1978).

challenge"; and (p) committed errors whose cumulative effect was to deny him the effective assistance of counsel. (*Id*. at 2–3).

Claim 4:     Petitioner did not knowingly and voluntarily waive his right to testify because defense counsel and the trial court "failed to adequately inform Petitioner of the danger of not testifying in light of Counsel's opening promise to testify." (*Id*. at 3).

Claim 5:     The trial court erred by denying Petitioner's pre-trial motion for substitution of counsel. (*Id*.).

Claim 6:     Petitioner was denied due process during his post-conviction proceedings, in that (a) Petitioner was denied the right to represent himself on appeal; (b) Petitioner was forced to proceed with counsel "over his verbal and written motions to represent himself"; and (c) post-conviction counsel labored under a conflict of interest with respect to trial counsel. (*Id*.).

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 8 at 3).

Respondent now seeks summary dismissal of numerous claims as noncognizable or procedurally defaulted. For the following reasons, the Court agrees that Claims 1 and 6 are noncognizable and that Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 are procedurally defaulted without excuse.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, as it is here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1.      **Claims 1 and 6 are Noncognizable**

In Claim 1 of the Petition, Petitioner claims evidence was seized—and introduced at trial—in violation of the Fourth Amendment. As the Supreme Court held in *Stone v. Powell*, however, a federal court cannot grant habeas corpus relief on the basis that evidence was obtained in violation of the Fourth Amendment unless the petitioner was deprived of the opportunity for full and fair litigation of that claim in state court. 428 U.S. 465 (1976). The *Stone* doctrine is based on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy: the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494–95.

To determine whether a petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the Court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id.* at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id.* at 9. "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner bears the burden of establishing that the state courts did not consider his Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Here, Petitioner had an opportunity to challenge the seizure of the evidence in state court. He did so by filing motions to suppress that evidence. *State's Lodging A-2* at 90–91, 182–92. The trial court held a hearing and then denied the motions. *Id.* at 266–85; *State's Lodging A-4* at 94–168. Petitioner asserted his Fourth Amendment claim to the Idaho Court of Appeals, which affirmed the trial court's ruling. *State's Lodging B-9* at 1, 26–39; *B-14* at 22–35. Petitioner also raised the claim in his petition for review, which the Idaho Supreme Court denied. *State's Lodging B-16* at 18–19; *B-17*. Accordingly, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, and the doctrine of *Stone v. Powell* prohibits this Court from considering the claim on federal habeas review. As a result, Claim 1 is subject to dismissal as noncognizable.

Claim 6 of the Petition asserts due process violations during Petitioner's post-conviction proceedings. But it is well-established that "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam). Accordingly, Claim 6 is subject to dismissal as noncognizable.

The Court now turns to Respondent's procedural default argument.

2.    **Claims 3(d), (e), (f), (h), (n), (o), Claim 5, and Claim 6 Are Procedurally Defaulted Without Legal Excuse**

    *A.    Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845.

MEMORANDUM DECISION AND ORDER - 7

In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**B.**    ***Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 Are Procedurally Defaulted***

　　　　i.　　　Claims 3(d), (e), (f), (h), (n), and (o): Ineffective Assistance of Trial Counsel

In Claim 3, sub-claims (a) through (p), Petitioner asserts sixteen claims of ineffective assistance of trial counsel. On appeal from the dismissal of his post-conviction petition, Petitioner asserted only ten such claims: (1) counsel should have filed a *Franks* motion; (2) counsel should have moved to suppress photographic evidence; (3) counsel did not conduct an adequate voir dire; (4) counsel failed to adequately cross-examine and impeach Officer Amanda Strait; (5) counsel failed to introduce exculpatory evidence regarding Petitioner's nose and hand, which related to the physical description of the bank robber given by witnesses; (6) counsel failed to call two phone technicians as defense witnesses; (7) counsel's deficient performance deprived Petitioner of his right to testify; (8) counsel reneged on a promise to jurors that Petitioner would testify; (9) counsel did not give an adequate closing argument; and (10) the cumulative effect of counsel's errors was prejudicial. *State's Lodging D-6*.

Notably absent from these claims raised to the Idaho appellate courts are the following six claims presented in the instant Petition:

- Claim 3(d): counsel failed to properly investigate and present a defense;

- Claim 3(e): counsel failed to adequately communicate with Petitioner;

- Claim 3(f): counsel was so distrustful and unethical that it resulted in a breakdown of communication;

- Claim 3(h): counsel used an incompetent, irrational, and prejudicial trial strategy;

- Claim 3(n): counsel failed to object to the prosecutor's statements in closing argument; and

- Claim 3(o): counsel failed to subject the prosecution to any meaningful antagonistic challenge.

*See id*. Accordingly, these claims are procedurally defaulted.

MEMORANDUM DECISION AND ORDER - 9

Additionally, several of Petitioner's other ineffective assistance claims are framed more broadly in the Petition than when they were raised on appeal from the dismissal of his state post-conviction petition. For example, Petitioner claims in the Petition that (1) counsel failed to adequately cross-examine and impeach witnesses, but the claim raised in state court had to do only with one witness, Officer Strait, and (2) counsel failed to introduce exculpatory evidence, but the claim raised in state court related only to evidence regarding Petitioner's nose and hand. Such broadly phrased sub-claims in Claim 3 of the Petition were fairly presented to the state courts, and thus are not procedurally defaulted, only to the extent they were specifically argued to those courts.

### ii.       Claim 5: Substitute Counsel Claim

In Claim 5, Petitioner asserts that the trial court should have granted his pretrial motion for substitute counsel. Petitioner initially raised this claim in his pro se supplemental brief on direct appeal. *State's Lodging B-9* at 1. However, he later moved to withdraw the claim, and the Idaho Supreme Court granted the motion. *State's Lodging B-12; B-13.*

Though Petitioner's motion to withdraw the claim was based on his belief that the claim was more appropriately raised in post-conviction proceedings, *see State's Lodging B-12*, he did not fairly present this claim in those later proceedings, *see State's Lodging D-6*. Therefore, Claim 5 is procedurally defaulted.

### iii.       Claim 6: Errors during Post-Conviction Proceedings

Claim 6 alleges due process violations during Petitioner's state post-conviction proceedings. As explained above, this claim is not cognizable. It is also procedurally defaulted because Petitioner did not present the claim to the Idaho state courts in any of his appellate briefing. *See State's Lodging B-1; B-9; D-6.*

MEMORANDUM DECISION AND ORDER - 10

### C.   Petitioner Has Not Established an Excuse for the Procedural Default of Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6

For the reasons set forth above, Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 are procedurally defaulted. However, that conclusion does not necessarily end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a fundamental miscarriage of justice, which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986).

Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Shinn v. Ramirez*, 596 U.S. 366 (2022), which govern an exception to the procedural default of claims of ineffective assistance of trial counsel based on ineffective assistance of post-conviction counsel. (Dkt. 32 at 6). Thus, it appears Petitioner asserts that the procedural default of Claims 3(d), (e), (f), (h), (n), and (o), all of which assert ineffective assistance of trial counsel, is excused.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55

MEMORANDUM DECISION AND ORDER - 11

(1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule on procedural default is that any errors of post-conviction counsel *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *Coleman*, 501 U.S. at 752.

The case of *Martinez v. Ryan* established a limited exception to that rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. The *Martinez* Court created the exception "as an equitable matter" because "the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The Supreme Court has described the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).[3] The failure to meet any of these four prongs means that *Martinez* is unavailable to excuse the procedural default of a claim.

---

[3]     The Court may address either the substantiality or the PCR-counsel inquiry first, and the resolution of one prong may obviate the need to address the other. *See Martinez*, 566 U.S. at 15–16 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have

Although the *Martinez* exception can permit a federal habeas petitioner to *raise* a procedurally defaulted claim of ineffective assistance of trial counsel, it generally does not permit factual development outside the state court record to *prove* that claim. Instead, claims raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which does not permit new evidence in federal habeas proceedings unless the petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered through the exercise of due diligence. *Ramirez*, 596 U.S. at 371.

There is no evidence in the record to suggest that initial post-conviction counsel rendered ineffective assistance resulting in the default of Claims 3(d), (e), (f), (h), (n), and (o). Indeed, Petitioner raised all of these claims in his post-conviction petition. *State's Lodging C-2* at 6–7. That is, the claims were not defaulted in the initial post-conviction proceedings. Rather, they were defaulted *on appeal* from the dismissal of the post-conviction petition. Accordingly, the *Martinez* cause-and-prejudice exception does not excuse the procedural default of these claims. *See Martinez*, 566 U.S. at 16 (holding that the exception does not apply to claims defaulted in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's appellate courts").

Though Petitioner does not clearly assert actual innocence, the Court—mindful of Petitioner's pro se status—will also consider that exception to procedural default. In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally

---

any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.").

defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (internal quotation marks omitted).

MEMORANDUM DECISION AND ORDER - 14

Petitioner has not come forward with any new, reliable evidence that he is actually innocent. Accordingly, the miscarriage-of-justice exception to procedural default does not apply to excuse Petitioner's default.

## CONCLUSION

For the foregoing reasons, Claims 1 and 6 are noncognizable, and Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 are procedurally defaulted without excuse. The remainder of Petitioner's habeas claims appear to have been fairly presented to the Idaho Supreme Court, but only to the extent they were specifically raised to that court.

## ORDER

**IT IS ORDERED:**

1.  Respondent's Motion for Partial Summary Dismissal (Dkt. 22) is GRANTED. Claim 1, Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6 are DISMISSED with prejudice.

2.  Respondent's answer to the remaining claims in the Petition must be filed no later than ninety (90) days after entry of this Order. Petitioner must file a reply in support of those claims no later than twenty-eight (28) days after service of Respondent's answer. Respondent will then have the option of filing a sur-reply, which may be filed no later than fourteen (14) days after service of Petitioner's reply.



DATED: March 4, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 15