UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KENT WILLIAMS,

Petitioner,

v.

WARDEN GOVERNOR,[1]

Respondent.

Case No. 1:24-cv-00129-AKB

**ORDER**

Now pending in this habeas corpus case are Petitioner's Motion to Develop the Record and to Hold an Evidentiary Hearing, Petitioner's objection to Respondent's response to that motion and to the Court's order reopening the time period for Respondent to file a sur-reply (as well as an "addendum" to those objections), and Petitioner's Motion to Accept his Reply to Respondent's Sur-Reply Brief. *See* Dkts. 71, 76, 79, 83.

**1. Motion to Develop the Record and Motion for Evidentiary Hearing**

Petitioner asks the Court to permit discovery, expansion of the record, and an evidentiary hearing to establish cause and prejudice to excuse the procedural default of Claim 1, Claims 3(d), (e), (f), (h), (n), and (o), Claim 5, and Claim 6.[2]

[1] Respondent Derrek Governor is substituted for his predecessor as warden of the facility in which Petitioner is confined. *See* Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

[2] The Court rejects Petitioner's objection to Respondent's response to this motion. Petitioner filed his objection on the basis that he had not received Respondent's filings. Dkt. 76. However, Petitioner has now acknowledged that he has received them. Dkt. 79. The delay, most likely caused by nothing other than ordinary mail delivery issues, is not a proper basis to strike Respondent's filings.

Petitioner's requests must be denied for two reasons. First, this Court has already held that these claims are procedurally defaulted and that Petitioner could not establish an excuse for the default. *See Memo. Dec. and Order*, Dkt. 36. Petitioner may not now—at the merits stage—attempt to resurrect his previously dismissed claims by requesting a hearing or by fishing for additional evidence that was not before the Court when it issued its procedural default ruling.

Second, the motion will be denied to the extent it seeks discovery, expansion of the record, or an evidentiary hearing on Petitioner's remaining claims. Where the state court has addressed the merits of a petitioner's claims—as with Petitioner's remaining claims—the petitioner's federal habeas claims generally must be decided only on the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). If a petitioner seeks to bring new evidence on federal habeas review that was not presented to the state courts, and the petitioner failed to develop the factual basis of the claims in state court due to lack of diligence or "some greater fault" attributable to the petitioner or the petitioner's counsel, then a court may not consider any new evidence unless the petitioner can meet the standards set forth in 28 U.S.C. § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Section 2254(e)(2) requires a petitioner to show that (1) his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) "the facts underlying the claim[s] would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A) & (B). In other

words, a petitioner seeking new evidence for a federal court to consider in adjudicating a habeas claim decided on the merits by the state court must show, by clear and convincing evidence, that he is actually innocent.

In asserting actual innocence under § 2254(e)(2), a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (procedural default context). Cases where this standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence or "a detailed third-party confession" that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002). The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

Petitioner has not produced any new reliable evidence that he is actually innocent. Therefore, he cannot satisfy § 2254(e)(2), and the Court must deny the Motion to Develop the Record and to Hold an Evidentiary Hearing.

**2. Objection to Reopening the Briefing Schedule**

The Court previously reopened the briefing schedule to permit Respondent to file a Sur-Reply on the merits of Petitioner's remaining claims. Dkt. 74. Petitioner objects to the Court's decision to do so.

The Court explained that it initially did not permit a lengthy extension of time for Respondent to file a sur-reply because it intended "to keep this case on a timely track toward resolution." Dkt. 67 at 1. But then motion practice "necessitated an additional period of time that the Court did not anticipate." *Id.* Given that the case had not been expeditiously resolved as the Court had initially intended, the Court decided that an additional delay was justified and that a sur-reply from Respondent would be helpful to the Court in considering Petitioner's remaining claims. The Court has broad discretion to manage its docket, and it appropriately exercised that discretion in reopening the briefing schedule in this matter.

**3. Motion for Court to Accept Petitioner's Reply to Respondent's Sur-Reply**

Petitioner moves the Court to accept his Reply to Respondent's Sur-Reply Brief. Respondent does not oppose the motion, Dkt. 84, and the Court concludes Petitioner's latest brief would be helpful in addressing the remaining issues in this case. Accordingly, the Court will grant the motion and will consider Petitioner's Reply to the Sur-Reply, along with all other briefing and the entire record, when it adjudicates Petitioner's remaining claims in this case.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Motion to Develop the Record and to Hold an Evidentiary Hearing (Dkt. 71) is DENIED.

2. Petitioner's Objection to the Court's reopening of the briefing schedule and to Respondent's response to Petitioner's motion to develop the record (Dkt. 76) is DENIED.

3. Petitioner's Motion to Accept Reply to Respondent's Sur-Reply Brief (Dkt. 83) is GRANTED.

4. Absent extraordinary circumstances and leave of the Court, nothing further may be filed in this case until the Court addresses the merits of Petitioner's remaining claims. Filings made in violation of this Order may be summarily denied or stricken from the record.

DATED: September 14, 2026

Amanda K. Brailsford
U.S. District Court Judge